1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GALVAN MONTIEL, | Case No.  1:96-cv-05412 LJO-SAB |
| Petitioner, | DEATH PENALTY CASE |
| v. | ORDER (1) VACATING HEARING ON PETITIONER'S MOTION FOR INDICATIVE RULING SET FOR AUGUST 11, 2015, and (2) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR INDICATIVE RULING |
| KEVIN CHAPPELL, as Warden of San Quentin State Prison, | |
| Respondent. | |
| | (ECF No. 239) |

Before the Court is Petitioner's July 13, 2015 Rule 62.1 motion for an "indicative ruling" that (1) the Court would grant a Rule 60(b)(1)(6) motion for relief from the November 26, 2014 judgment entered in this case if the Court of Appeals were to remand for that purpose, or (2) that such a motion to vacate could raise a substantial issue.[1]

The motion argues that this Court should set aside its prior judgment denying habeas relief and allow Petitioner to present to the state court a new claim under Atkins v. Virginia, which held that the Eighth Amendment prohibits the execution of mentally retarded (i.e.,

---

[1] All references to "Rule" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

1  intellectually disabled) persons.  536 U.S. 304, 321 (2002).

2       Petitioner set the motion for hearing on August 11, 2015.  Respondent filed opposition on

3  July 28, 2015.  Petitioner filed his reply on August 4, 2015.  The Court, having reviewed and

4  considered the motion, opposition and reply, finds this matter suitable for decision without oral

5  argument.  See Local Rule 230(g).  Accordingly, the hearing set for August 11, 2015 at 8:30 a.m.

6  is vacated and the parties need not appear at that time.  For the reasons set forth below, the

7  motion for indicative ruling shall be denied without prejudice.

## I.

## BACKGROUND

10      Petitioner was arrested and capitally charged with the January 13, 1979 murder and

11  robbery of Gregorio Ante.  He was convicted and sentenced to death in 1986.  The details of the

12  crimes are set forth in the California Supreme Court's opinion denying relief on direct appeal,

13  People v. Montiel, 5 Cal. 4th 877 (1993), and will not be repeated here.  On June 30, 1994,

14  Montiel's petition for certiorari was denied by the United States Supreme Court.  Montiel v.

15  California, 512 U.S. 1253 (1994).

16      Petitioner's state collateral challenges, which did not include an Eighth Amendment

17  claim based on Atkins, were denied.  Petitioner then, in 1996, initiated these federal habeas

18  proceedings through appointed former counsel, Messrs. Cassidy and Sirbu.  Petitioner filed an

19  amended federal petition in 1997.  He did not include an Atkins claim in his federal habeas

20  proceeding.  Respondent answered and the claims were fully briefed in 2000.  On November 26,

21  2014, this Court entered judgment denying the amended petition and motion for evidentiary

22  hearing and granting a certificate of appealability for claims 24 and 25 (ineffective assistance of

23  counsel at penalty phase retrial regarding diminished capacity defense).  (ECF No. 232 at

24  142:17-18.)  Petitioner filed a notice of appeal on December 22, 2014.  (ECF No. 234.)  The

25  appeal is pending with the Ninth Circuit.

## II.

## DISCUSSION

A.    **Legal Standards**

2

1      1.      Indicative Ruling

2      It is well settled that the "filing of a notice of appeal divests the district court of

3 jurisdiction." Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir. 1986).  When a Rule

4 60(b) motion is filed in district court after a notice of appeal has been filed, the district court

5 lacks jurisdiction to entertain the motion.  Katzir Floor & Home Designs, Inc. v. M–MLS.com,

6 394 F.3d 1143, 1148 (9th Cir. 2004).  "To seek Rule 60(b) relief during the pendency of an

7 appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion,

8 or to grant it, and then move [the court of appeals], if appropriate, for remand of the case."

9 Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004).

10     The procedure for doing so is set forth in Rule 62.1, which provides that:

11

12     (a) Relief Pending Appeal. If a timely motion is made for relief that the court
       lacks authority to grant because of an appeal that has been docketed and is
       pending, the court may:

13

14     (1) defer considering the motion;

15     (2) deny the motion; or

16     (3) state either that it would grant the motion if the court of appeals remands for
       that purpose or that the motion raises a substantial issue.

17

18     2.      Relief from Judgment

19     As relevant here, Rule 60(b) provides that "[o]n motion and just terms, the court may

20 relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence,

21 surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."  Where none of

22 these factors is present the motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437,

23 1442 (9th Cir. 1991).

24     The decision of whether or not to grant relief under Rule 60(b) is matter of the district

25 court's discretion.  See Fantasyland Video, Inc. v. County of San Diego, 505 F.3d 996, 1005 (9th

26 Cir. 2007).

27     **B.      Analysis**

28     Petitioner contends that notwithstanding evidence he was mildly retarded, his former

3

1   counsel did not raise a claim under <u>Atkins</u>.  He attributes counsel's alleged omission to Rule

2   60(b)(1) excusable neglect, or to surrounding circumstances that justify relief under Rule

3   60(b)(6).  (ECF No. 239 at 5:28-6:2.)

4        This Court finds that, for reasons discussed below, the instant motion seeking an

5   indicative ruling that the Court would vacate judgment upon remand, or find a substantial issue

6   raised, shall be denied.

7        1.       <u>AEDPA</u>

8        Rule 60(b) applies to habeas proceedings, but only in conformity with the Antiterrorism

9   and Effective Death Penalty Act ("AEDPA"), including the limits on successive federal petitions

10  set forth at 28 U.S.C. § 2244(b).   <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 529-31 (2005).   Because

11  Petitioner asks the Court to consider a substantive "claim," Petitioner's  Rule 60(b) motion is,

12  ostensibly, subject to § 2244(b).  <u>See</u> <u>id.</u> at 530; <u>Ochoa v. Sirmons</u>, 485 F.3d 538, 540-41 (10th

13  Cir. 2007).

14       Petitioner did not raise, in state or federal collateral proceedings, an Eighth Amendment

15  <u>Atkins</u> claim that intellectual disability precluded his execution.  At this juncture, such a claim

16  could not be reached by this Court because the claim is unexhausted.  28 U.S.C. § 2254(b)(1)(A).

17       Additionally, the motion before the Court relates to a new claim not present in the

18  amended federal petition.   The motion is an apparent second and successive petition

19  unauthorized by the court of appeals.  28 U.S.C. § 2244(b)(3); <u>Felker v. Turpin</u>, 518 U.S. 651,

20  657 (1996).

21       The Court finds that AEDPA precludes the Court's granting the requested indicative

22  ruling on the proposed <u>Atkins</u> claim.

23       2.       <u>Rule 60(b)</u>

24       Even if Plaintiff's proposed <u>Atkins</u> claim was not barred by ADEPA, it would fail

25  on substantive grounds because Plaintiff's proposed claim would not satisfy the requirements of

26  Rule 60(b).

27            **a.       Excusable Neglect**

28       The determination of whether neglect is "excusable" is "at bottom an equitable one,

4

1    taking account of all relevant circumstances surrounding the party's omission." <u>Briones v.</u>

2    <u>Riviera Hotel & Casino</u>, 116 F.3d 379, 381 (9th Cir. 1997), <u>quoting</u> <u>Pioneer Inv. Servs., Co., v.</u>

3    <u>Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, 395 (1993).  But a motion for reconsideration

4    is not the proper mechanism to raise arguments that could reasonably have been presented earlier

5    in litigation.   <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2003); <u>accord</u>, <u>O'Neal v.</u>

6    <u>SmithKline Beecham Corp.</u>, No. CIV S–06–1063 FCD/DAD, 2008 WL 1721891 at *2 (E.D.

7    Cal. April 10, 2008).

8         The Court finds that the equities do not weigh in Petitioner's favor because he does not

9    demonstrate a colorable <u>Atkins</u> claim.   <u>Atkins</u> announced a new rule of constitutional law

10   retroactively applicable to cases that, like Petitioner's, were then pending collateral review.

11   <u>Ybarra v. Baker</u>, 2012 WL 5818136 at *3 (D.Nev. 2012, <u>citing</u> <u>In re Holladay</u>, 331 F.3d 1169,

12   1172–73 (11th Cir. 2003).

13        The Supreme Court in <u>Atkins</u> did not provide a federal law definition of "mental

14   retardation."  Instead, states were left with "the task of developing appropriate ways to enforce

15   the constitutional restriction upon [their] execution of sentences." <u>Atkins</u>, 536 U.S. at 317; <u>see</u>

16   <u>also</u> <u>Schriro v. Smith</u>, 546 U.S. 6, 6–8 (2005) (summarily vacating a Ninth Circuit order

17   remanding a habeas petition to the Arizona courts for a jury to make the <u>Atkins</u> determination,

18   and emphasizing that <u>Atkins</u> left enforcement to the states).

19        California, defines "intellectual disability" under <u>Atkins</u> as "the condition of significantly

20   sub average general intellectual functioning existing concurrently with deficits in adaptive

21   behavior and manifested before 18 years of age." California Penal Code § 1376.

22        Petitioner  argues  evidence  in  the  record  that  he  suffered  "cognitive  and

23   neuropsychological deficits and probably brain dysfunction" based on toluene abuse, (State

24   Habeas Exhibit 12, 1993 Declaration of Dr. Dale G. Watson, ¶¶ 8-12), and "significant learning

25   disabilities and very severe attention/concentration deficits (in the mildly retarded range)."  (Id.)

26   But Petitioner has not demonstrated that this evidence, which was not offered or developed in

27   support of an <u>Atkins</u> claim, could support a colorable intellectual disability under section 1376

28   standards.  <u>See</u> <u>In re Hawthorne</u>, 35 Cal.4th 40, 49 (2005) (mental retardation is a question of

1  fact, assessing overall capacity based on consideration of all the available evidence).

2    Respondent argues as much, pointing to evidence of Petitioner's educational and

3  employment background (CT Vol. III at 512-13) and institutional background (State Habeas

4  Exhibit 2, CRC Records of Richard Galvan Montiel), that suggests Petitioner was not

5  intellectually disabled under section 1376.  Respondent also notes the 1986 penalty phase retrial

6  testimony of defense psychiatrist, Dr. Louis Nuernberger, that Petitioner had "no gross mental

7  disorder apart from drug-induced toxic dementia."  Montiel, 5 Cal. 4th at 901-02.

8    Given the sparse and equivocal evidentiary record and the noted absence of any state

9  court adjudication of an Eighth Amendment claim under Atkins, the Court is not persuaded that

10  Petitioner could raise a colorable constitutional claim under Atkins.

11    Nor can the Court discern "new or different facts or circumstances" supporting relief

12  which did not exist at the time the Court entered final judgment.  Local Rule 230(j).

13    Clearly, Petitioner's former counsel were aware of Atkins, citing it in support of amended

14  petition claims that California's death penalty statute is unconstitutional on grounds it lacks

15  proportionality review, (ECF No. 225 at 121:1-2 ), and denies equal protection.  (Id., at 129:22.)

16  Petitioner has not demonstrated that counsel's failure to raise an Eighth Amendment claim under

17  Atkins was the result of attorney neglect rather than legal judgment and tactics.  See e.g.,

18  Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (counsel's failure to make a futile motion is

19  not ineffective assistance); Noland v. Flohr Metal Fabricators, Inc., 104 F.R.D. 83, 87 (D. Alaska

20  1984) ("Relief under Rule 60(b)(1) is not generally appropriate where a party . . . takes deliberate

21  action with negative or unfortunate consequences.")

22    Petitioner also fails to demonstrate that an Eighth Amendment Atkins claim was ripe for

23  review.  The state had not (and has not) issued a warrant for Petitioner's execution.  See Stewart

24  v. Martinez-Villareal, 523 U.S. 637, 640 (1998) (claim under Ford v. Wainwright, 477 U.S. 399

25  (1986), premature where execution not scheduled).

26    For the reasons stated, the Court cannot conclude that upon remand it would grant

27  Petitioner's proposed Rule 60(b)(1) motion for relief from judgment, or that such a motion raises

28  a substantial issue.  See e.g., Lopez v. Ryan, 678 F.3d 1131, 1137 (9th Cir. 2012) ("In the final

1    analysis, however, . . . Lopez's underlying claim does not present a compelling reason to reopen

2    the case, because that claim is not a substantial one"); Marlyn Nutraceuticals, Inc. v. Mucos

3    Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration should

4    not be granted, absent highly unusual circumstances, unless the district court is presented with

5    newly discovered evidence, committed clear error, or if there is an intervening change in the

6    controlling law," and it "may not be used to raise arguments or present evidence for the first time

7    when they could reasonably have been raised earlier in the litigation.").

8                           b.        Interests of Justice

9

10        Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that

      justifies relief.  It is to be used "sparingly as an equitable remedy to prevent manifest injustice

11
      and is to be utilized only where extraordinary circumstances prevented a party from taking

12
      timely action to prevent or correct an erroneous judgment.")  Harvest v. Castro, 531 F.3d 737,

13
      749 (9th Cir. 2008).  The moving party "must demonstrate both injury and circumstances beyond

14
      his control . . . ." Id.

15
          Here,   for   the   reasons   discussed,   Petitioner   has   not   demonstrated   extraordinary

16
      circumstances.  Significantly, he has not shown the November 26, 2014 judgment is erroneous

17
      and if left standing prevents the merits of a colorable Atkins claim from being heard.  See Phelps

18
      v. Alameida, 569 F.3d 1120, 1140 (9th Cir. 2009) ("a central purpose of Rule 60(b) is to correct

19
      erroneous legal judgments that, if left uncorrected, would prevent the true merits of a petitioner's

20
      constitutional   claims   from   ever   being   heard.").    Nor   can   Petitioner   show   extraordinary

21
      circumstance merely by arguing that the holding in Atkins is a new rule of constitutional law.

22
      See In re Holladay, 331 F.3d at 1172–73 (to file a second or successive petition based on Atkins,

23
      Petitioner also must demonstrate that there is a reasonable likelihood that he is in fact mentally

24
      retarded).

25
           Similarly, ineffective assistance of post-conviction counsel, even if established, could not

26
      alone be a basis for showing exceptional circumstances under Rule 60(b)(6).  See Lopez v. Ryan,

27
      678 F.3d 1131, 1136 (9th Cir. 2012); Cook v. Ryan, No. CV–97–00146–PHX–RCB, 2012 WL

28
                                             7

2798789, at *6 (D.Ariz. Jul. 9, 2012) (concluding that the change in law heralded by <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012) was a remarkable, albeit limited, development weighing slightly in favor of 60(b)(6) relief).

## III.

## ORDER

For the reasons stated, IT IS HEREBY ORDERED that:

1.    The hearing on Petitioner's motion for indicative ruling set for August 11, 2015 is VACATED, and

2.    Petitioner's motion for indicative ruling (ECF No. 239) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **August 10, 2015**                     **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

8